Devin Coyle (CA Bar No. 267194)
  dcoyle@workerscounsel.com
David Browne (State Bar No. 261345)
  david@brownelaborlaw.com
DEVIN COYLE LAW
1999 Harrison Street, Suite 1800
Oakland, CA 94612
Phone: (510) 584-9020
Fax:    (510) 584-9039

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| JEANETH CAMACHO and ELERIE CAMACHO,<br><br>Plaintiff,<br><br>v.<br><br>LTP MANAGEMENT, INC., a California corporation; LTP CARE CONTINUUM CORPORATION, a California corporation; LTP HORIZONS, LLC, a California limited liability company; LETICIA PEREZ, an individual; SERAFIN PEREZ, an individual; KATHY PEREZ ARANA, an individual; SHYLYN NAPOLIS, an individual; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 4:15-cv-5743<br><br>COMPLAINT FOR:<br>1. Unpaid Overtime (FLSA);<br>2. Unpaid Overtime (Cal. Labor Code);<br>3. Failure to Pay Minimum Wage (Cal. Lab. Code)<br>4. Failure to Provide Itemized Wage Statements (Cal. Lab. Code § 226)<br>5. Waiting Time Penalties (Cal. Lab. Code § 203);<br>6. Failure to Provide Meal Periods (Cal. Lab. Code);<br>7. Failure to Reimburse Required Business Expenses (Cal. Lab. Code § 2802);<br>8. Pattern or Practice of Willful Misclassification (Cal. Lab. Code § 226.8(a)(1)); and<br>9. Unfair Business Practices (Cal. Bus. and Prof. Code § 17200, et seq.)<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs Jeaneth and Elerie Camacho, husband and wife, (hereinafter sometimes referred to collectively as "the Camachos" or "Plaintiffs") bring a complaint against Defendants LTP MANAGEMENT, INC., a California corporation; LTP CARE CONTINUUM CORPORATION, a California corporation; LTP HORIZONS, LLC; a

California limited liability company; LETICIA PEREZ, an individual; SERAFIN PEREZ, an individual; KATHY PEREZ ARANA, an individual; SHYLYN NAPOLIS, an individual; and DOES 1-50 (hereinafter sometimes referred to collectively as "Defendants") and allege as follows:

## INTRODUCTION

1. Plaintiffs Jeaneth and Elerie Camacho are husband and wife. Defendants own and operate various assisted living facilities in Alameda and Contra Costa counties. Defendants employed Mrs. Jeaneth Camacho as a caregiver from approximately 2008 until July 2015. Defendants employed Mr. Elerie Camacho as a maintenance worker until approximately November 2015.

2. During their employment, Defendants willfully failed to pay the legally required minimum wage to the Camachos. Defendants willfully failed to pay overtime to the Camachos. Defendants failed to provide itemized wage statements to the Camachos. Defendants failed to pay all wages due to the Camachos at the time of their respective separations from employment. Defendants failed to provide meal periods to the Camachos. Defendants failed to reimburse Plaintiff Elerie Camacho for business-related expenses. Defendants knowingly and intentionally misclassified the Camachos as independent contractors. In addition to violating the FLSA and the California Labor Code, respectively, these violations constitute unfair business practices under Cal. Bus. and Prof. Code § 17200. Plaintiffs bring this action to hold Defendants' accountable and to seek recompense for Defendants' violations of federal and California law.

## JURISDICTION

2. This Court has jurisdiction over this matter because this complaint alleges a federal question in that violations of 29 U.S.C. § 201 et seq. are alleged.

3. This court has supplemental jurisdiction of all the State law claims under 28 U.S.C. § 1367(a). The State law claims are all related to the same facts – namely whether Plaintiffs were paid properly for the work they performed as employees of Defendants. As

such, all the claims make up the same case or controversy under Article III of the United States Constitution.

**VENUE**

4. This Court is the proper court and this action is properly filed in this judicial district because the work performed by Plaintiffs that is the subject of this action was performed in this district. Defendants do business within this district, in Alameda and Contra Costa counties, and Defendants' obligations and liabilities arise therein.

**INTRADISTRICT ASSIGNMENT**

5. The Oakland Division is the proper location for this action pursuant to Civil L.R. 3-2(c) because a substantial part of the events or omissions which give rise to Plaintiffs' claims occurred in Alameda County.

**PARTIES**

6. Plaintiff Jeaneth Camacho was employed by Defendants as a caregiver at Berkeley Springs Manor, an assisted living facility in Berkeley, California, from approximately 2008 until July 2015.

7. Plaintiff Elerie Camacho was employed by Defendants as a maintenance worker at Defendants' various assisted living facilities in Alameda and Contra Costa counties, including Berkeley Springs Manor and Montgomery Springs Manor, an assisted living facility in Hayward, California, until approximately November 2015.

8. Plaintiffs reside in Alameda County, where they have resided at all times material hereto.

9. Defendants LTP Management, Inc. and LTP Care Continuum Corporation (hereinafter sometimes referred to collectively as the "Corporate Defendants") are corporations existing under the laws of the State of California, with their principal place of business located in Contra Costa County.

10. Defendant LTP Horizons, LLC is a limited liability company existing under the laws of the State of California, with its principal place of business located in Alameda County.

1       11.    Defendant LTP Care Continuum operates various assisted living and skilled nursing facilities in Alameda and Contra Costa counties, including Berkeley Springs Manor in Berkeley, California.

      12.    Defendant LTP Management, Inc. operates and does business as Berkeley Springs Manor in Berkeley, California.

      13.    Defendant LTP Horizons, LLC operates and does business as Montgomery Springs Manor in Hayward, California.

      14.    On information and belief, Defendants Leticia Perez, Serafin Perez, Kathy Perez Arana and Shylyn Napolis (hereinafter sometimes referred to collectively as the "Individual Defendants") are individuals doing business in Alameda and Contra Costa counties, State of California. On information and belief, each of the Individual Defendants is an owner, corporate officer and/or agent of at least one Corporate Defendant.

      9.    The true names and capacities of DOES 1-50 are unknown to Plaintiffs, who therefore sue the DOE Defendants by fictitious names. Plaintiffs will amend this Complaint to show the DOE Defendants' true names and capacities when they have been ascertained. Plaintiffs are informed and believe that some or all of the DOE Defendants are residents of California.

      10.    Plaintiffs are informed and believe that Defendants, each and all of them, at all times material hereto, were the joint employers, parent companies, successor companies, predecessors in interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries, representatives, and/or co-conspirators of each of the remaining Defendants. Defendants, unless otherwise alleged, at all times material hereto, performed all acts and omissions alleged herein within the course and scope of said relationship, and are a proximate cause of Plaintiffs' damages as alleged herein.

//
//
//
//

# FIRST CAUSE OF ACTION

## OVERTIME PAY AND LIQUIDATED DAMAGES

## (29 U.S.C. §§ 207 and 216)

### Against ALL Defendants

11. The Camachos reassert and incorporate by reference all preceding paragraphs as if fully set forth here.

9. This cause of action is brought against all Defendants, jointly and individually.

10. The Camachos are informed and believe that Defendants are subject to the provisions of the Fair Labor Standards Act. Under 29 U.S.C. § 207(a) and § 216(b), the Camachos are entitled to overtime pay at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a week, and an additional equal amount as liquidated damages, plus costs and reasonable attorney's fees.

11. The Camachos worked more than forty hours in a week on numerous occasions.

12. The Camachos were entitled to the above overtime premiums.

13. Defendants failed to properly compensate the Camachos for overtime premiums.

14. This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b).

15. The Camachos worked at least one week in which overtime premiums were not properly paid by Defendants under the Fair Labor Standards Act within the two (2) years prior to initiating this lawsuit.

16. The Camachos' employment is covered by the terms of the Fair Labor Standards Act.

17. The Camachos used equipment on the job that had previously been transported in interstate commerce.

18. Defendant LTP Management, Inc. was the employer of the Camachos, as the term "employer" is defined in the Fair Labor Standards Act.

19. Defendant LTP Management, Inc. was an enterprise covered by the provisions of the Fair Labor Standards Act.

20. Defendant LTP Management, Inc. conducted business with a total gross sales volume in excess of $500,000 for each and every twelve (12) month period in which the Camachos were employed.

21. Defendant LTP Management, Inc. employed at least two (2) employees during each and every 12 month period in which the Camachos were employed. These employees were engaged in commerce and regularly used equipment that had been transported in interstate commerce.

22. Defendant LTP Care Continuum Corporation was the employer of the Camachos, as the term "employer" is defined in the Fair Labor Standards Act.

23. Defendant LTP Care Continuum Corporation was an enterprise covered by the provisions of the Fair Labor Standards Act.

24. Defendant LTP Care Continuum Corporation conducted business with a total gross sales volume in excess of $500,000 for each and every twelve (12) month period in which the Camachos were employed.

25. Defendant LTP Care Continuum Corporation employed at least two (2) employees during each and every 12 month period in which the Camachos were employed. These employees were engaged in commerce and regularly used equipment that had been transported in interstate commerce.

26. Defendant LTP Horizons, LLC was the employer of Elerie Camacho, as the term "employer" is defined in the Fair Labor Standards Act.

27. Defendant LTP Horizons, LLC was an enterprise covered by the provisions of the Fair Labor Standards Act.

28. Defendant LTP Horizons, LLC conducted business with a total gross sales volume in excess of $500,000 for each and every twelve (12) month period in which Elerie Camacho was employed.

29. Defendant LTP Horizons, LLC employed at least two (2) employees during each and every 12 month period in which Elerie Camacho was employed. These employees were engaged in commerce and regularly used equipment that had been transported in interstate commerce.

30. Defendant Leticia Perez was the employer of the Camachos, as the term "employer" is defined in the Fair Labor Standards Act. Defendant Leticia Perez was an owner, corporate officer and/or agent of at least one Corporate Defendant. Defendant Leticia Perez acted both directly and indirectly in the interest of at least one Corporate Defendant, as it related to the Camachos' employment and payment of wages.

13. Defendant Serafin Perez was the employer of the Camachos, as the term "employer" is defined in the Fair Labor Standards Act. Defendant Serafin Perez was an owner, corporate officer and/or agent of at least one Corporate Defendant. Defendant Serafin Perez acted both directly and indirectly in the interest of at least one Corporate Defendant, as it related to the Camachos' employment and payment of wages.

14. Defendant Kathy Perez Arana was the employer of the Camachos, as the term "employer" is defined in the Fair Labor Standards Act. Defendant Kathy Perez Arana was an owner, corporate officer and/or agent of at least one Corporate Defendant. Defendant Kathy Perez Arana acted both directly and indirectly in the interest of at least one Corporate Defendant, as it related to the Camachos' employment and payment of wages.

15. Defendant Shylyn Napolis was the employer of the Camachos, as the term "employer" is defined in the Fair Labor Standards Act. Defendant Shylyn Napolis was an owner, corporate officer and/or agent of at least one Corporate Defendant. Defendant Shylyn Napolis acted both directly and indirectly in the interest of at least one Corporate Defendant, as it related to the Camachos' employment and payment of wages.

16. DOES 1-50 were the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

17. Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

18. Plaintiffs pray for judgment for overtime pay in an amount subject to proof at trial.

19. Plaintiffs pray for judgment for liquidated damages in an amount subject to proof at trial. This amount is supplemental to the relief requested in all other causes of action.

20. Plaintiffs pray for costs and reasonable attorney's fees.

## SECOND CAUSE OF ACTION

**FAILURE TO PAY OVERTIME COMPENSATION**

**(California IWC Wage Orders and California Labor Code)**

**Against the Corporate Defendants, LTP Horizons, LLC, and DOES 1-50**

21. The Camachos reassert and incorporate by reference all preceding paragraphs as if fully set forth here.

22. This cause of action is brought against the Corporate Defendants, LTP Horizons, LLC, and DOES 1-50, jointly and individually.

23. Pursuant to Industrial Welfare Commission Order No. 5-2001, California Code of Regulations, Title 8, § 11050, for the period of the Camachos' employment, Defendants were required to compensate the Camachos at the rate of one and one-half times the regular rate of pay for hours worked in excess of eight in a day or forty hours in a week, and for the first eight hours worked on the seventh consecutive day of work in a workweek, and two times the regular rate of pay for hours worked in excess of twelve hours in a day or hours worked in excess of eight hours on the seventh consecutive work day in a week.

24. The Camachos worked more than eight hours in a day or more than forty hours in a week on numerous occasions.

25. The Camachos were entitled to the above overtime premiums.

26. Defendants did not pay the Camachos premium wages of at least one and one-half times their regular rate of pay for hours worked past eight in a day.

27. Defendants did not pay the Camachos premium wages of at least one and one-half times their regular rate of pay for hours worked past forty in a week.

28. Defendants did not pay the Camachos premium wages of at least one and one-half times their regular rate of pay for the first eight hours worked on the seventh consecutive day of work in a workweek.

29. Defendants did not pay the Camachos premium wages of at least two times their regular rate of pay for hours worked past twelve in a day.

30. Defendants did not pay the Camachos premium wages of at least two times their regular rate of pay for hours worked in excess of eight hours on the seventh consecutive work day in a week.

31. The Camachos worked at least one pay period in which they were not properly paid overtime within the three years prior to the initiation of this lawsuit.

32. Defendants know or should know the dates when the Camachos worked overtime, the amount of overtime worked, and the amount of unpaid overtime due.

33. As a proximate result of Defendants' violations, the Camachos were damaged in an amount subject to proof at trial.

34. Pursuant to Labor Code §§ 218.6, 510, 1194 and California Code of Regulations, Title 8, § 11050, the Camachos are entitled to recover damages for the nonpayment of overtime premiums for all overtime hours worked, plus penalties, interest, costs, and reasonable attorney's fees.

### THIRD CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGE
### (California IWC Wage Orders and California Labor Code)
### Against the Corporate Defendants, LTP Horizons, LLC and DOES 1-50

35. The Camachos reassert and incorporate by reference all preceding paragraphs as if fully set forth here.

36. This cause of action is brought against the Corporate Defendants, LTP Horizons, LLC, and DOES 1-50, jointly and individually.

37. Defendants failed to pay the Camachos the minimum wage as required by Labor Code §§ 1182.11 and 1182.12.

38. As alleged herein, the Camachos were not exempt from the minimum wage requirements contained in the Labor Code.

39. Based on Defendants' conduct alleged herein, Defendants are liable for damages and statutory penalties pursuant to California Labor Code § 1197.1 and other applicable provisions of the Labor Code and applicable IWC Wage Orders.

40. In addition, pursuant to California Labor Code § 1194.2, the Camachos are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## FOURTH CAUSE OF ACTION
## FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS
### (California Labor Code § 226)
**Against the Corporate Defendants, LTP Horizons, LLC, and DOES 1-50**

41. The Camachos reassert and incorporate by reference all preceding paragraphs as if fully set forth here.

42. This cause of action is brought against the Corporate Defendants, LTP Horizons, LLC, and DOES 1-50, jointly and individually.

43. Pursuant to Cal. Labor Code § 226, every employer must furnish each employee an itemized statement of wages and deductions at the time of payment of wages.

44. Defendants knowingly and intentionally failed to furnish the Camachos with pay stubs that accurately reflected all of the information required by Cal. Labor Code § 226.

45. The Camachos suffered injury from Defendants' failure to provide proper wage statements.

46. The Camachos suffered injury under this cause of action within a period of one (1) year prior to the initiation of this lawsuit.

47. Pursuant to Labor Code § 226(e), the Camachos pray for judgment against Defendants in an amount subject to proof at trial plus costs and reasonable attorney's fees.

## FIFTH CAUSE OF ACTION

## WAITING TIME PENALTIES

### (California Labor Code § 203)

**Against the Corporate Defendants, LTP Horizons, LLC, and DOES 1-50**

48. The Camachos reassert and incorporate by reference all preceding paragraphs as if fully set forth here.

49. This cause of action is brought against the Corporate Defendants, LTP Horizons, LLC, and DOES 1-50, jointly and individually.

50. The Camachos separated from their employment with Defendants within three (3) years prior to the initiation of this lawsuit; in July 2015 and November 2015, respectively.

51. Defendants willfully refused and continue to refuse to pay the Camachos unpaid wages as required by Cal. Labor Code § 203. Defendants know that the pay is due and are refusing to pay it.

52. The Camachos request damages and penalties as provided by Cal. Labor Code § 203 in an amount subject to proof at trial.

## SIXTH CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

### (IWC Orders and California Labor Code § 226.7 AND § 512)

**Against the Corporate Defendants, LTP Horizons, LLC and DOES 1-50**

53. The Camachos reassert and incorporate by reference all preceding paragraphs as if fully set forth here.

54. This cause of action is brought against the Corporate Defendants, LTP Horizons, LLC and DOES 1-50, jointly and individually.

55. Defendants routinely failed to provide the Camachos with meal periods during their work shifts, and failed to compensate the Camachos for said meal periods, as required by Labor Code §§ 226.7, 512 and the applicable IWC Wage Order.

56. The Camachos were not exempt from the meal period requirements of the Labor Code and applicable IWC Wage Order.

57. The Camachos were deprived of rightfully earned compensation for meal periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation.

58. The Camachos are entitled to recover such amounts pursuant to Labor Code § 226.7, plus interest thereon.

## SEVENTH CAUSE OF ACTION

## FAILURE TO REIMBURSE REQUIRED BUSINESS EXPENSES

### (California Labor Code § 2802)

**Plaintiff Elerie Camacho Against the Corporate Defendants, LTP Horizons, LLC and DOES 1-50**

59. The Camachos reassert and incorporate by reference all preceding paragraphs as if fully set forth here.

60. Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

61. Plaintiff Elerie Camacho incurred reasonable and necessary expenses in the course of completing his job duties for Defendants, which were not reimbursed by Defendants. These expenses include but are not limited to supplies, tools, and public transportation expenses.

62. Plaintiff Elerie Camacho is entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and costs, under Labor Code § 2802.

## EIGHTH CAUSE OF ACTION

## PATTERN OR PRACTICE OF WILLFUL MISCLASSIFICATION

### (Cal. Lab. Code § 226.8(a)(1))

**Against the Corporate Defendants, LTP Horizons, LLC and DOES 1-50**

63. The Camachos reassert and incorporate by reference all preceding paragraphs as if fully set forth here.

12
COMPLAINT - 4:15-cv-5743

64. Defendants' engaged in a pattern or practice of willful misclassification of the Camachos and similarly situated workers because it classified all similarly situated workers as independent contractors as opposed to employees;

65. Defendants' conduct, as set forth above, in willfully misclassifying the Camachos and similarly situated workers constitutes a violation of Cal. Lab. Code § 226.8(a)(1);

66. As a result, Defendants are liable to the Camachos for penalties provided under California Labor Code §§ 226.8(a)(1), 226.8(b) and 226.8(c).

## NINTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

**(California Business and Professions Code § 17200, et seq.)**

**Against the Corporate Defendants, LTP Horizons, LLC and DOES 1-50**

67. The Camachos reassert and incorporate by reference all preceding paragraphs as if fully set forth here.

68. This cause of action is brought against the Corporate Defendants, LTP Horizons, LLC and DOES 1-50, jointly and individually.

69. By failing to pay the proper minimum wages and overtime premiums, Defendants' acts constitute unfair and unlawful business practices under Cal. Bus. and Prof. Code § 17200, et seq.

70. By failing to provide adequate meal periods, Defendants' acts constitute unfair and unlawful business practices under Cal. Bus. and Prof. Code § 17200, et seq.

71. By failing to pay all wages due at the time of separation from employment, Defendants' acts constitute unfair and unlawful business practices under Cal. Bus. and Prof. Code § 17200, et seq.

72. Under Cal. Bus. and Prof. Code § 17208, the statute of limitations for a claim under § 17200 is four years. Accordingly, the actionable period for this cause of action is December 15, 2011 through the present.

73. The Camachos pray for restitution under this cause of action in an amount subject to proof at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Camachos pray for judgment against Defendants as follows:

1. A declaration that Defendants' policies and/or practices of misclassifying the Camachos and similarly situated workers as independent contractors violated California law;

2. A declaration that Defendants' policies and/or practices constituted a pattern or practice of willful misclassification in violation of Cal. Labor Code § 226.8;

3. A declaration that Defendants' policies and/or practices of failing to pay the Camachos an amount equal to or greater than minimum wage for all hours worked violates §§ 1194, 1197, 1197.1 and Wage Order No. 5-2001;

4. A declaration that Defendants' failure to provide meal periods to the Camachos violates Cal. Labor Code §§ 226.7 and 512, and Wage Order 5-2001;

5. A declaration that Defendants violated Cal. Labor Code §§ 201-203 for willful failure to pay compensation to the Camachos at the time of their respective separations from employment, resulting in unpaid waiting time penalties;

6. A declaration that Defendants' policies and/or practices of failing to keep accurate payroll records of daily hours worked for the Camachos violates Cal. Labor Code §§ 1174(d) and 1174.5;

7. A declaration that Defendants' failure to reimburse all business expenses incurred by Plaintiff Elerie Camacho in the discharge of his duties violates Cal. Labor Code § 2802;

8. A declaration that Defendants' failure to furnish timely and accurate wage statements violates Cal. Labor Code § 226;

9. A declaration that Defendants' above-mentioned policies and/or practices violate the UCL (Cal. Bus. & Prof. Code §§ 17200-17208) and Labor Code § 1199;

10. An order that, pursuant to Cal. Labor Code § 226.8, Defendants', and each of them, display prominently on their respective Internet Web sites, for one year, in an area

which is accessible to all employees and the general public, a notice signed by an officer that sets forth all of the following: (1) that the court has found that the employer has committed a serious violation of the law by engaging in the willful misclassification of employees; (2) that the employer has changed its business practices in order to avoid committing further violations of this section; (3) that any employee who believes that he or she is being misclassified as an independent contractor may contact the Labor and Workforce Development Agency; and, (4) that the notice is being posted pursuant to a state order. The notice shall include the mailing address, email address, and telephone number of the agency;

11. An award to the Camachos of damages in the amount of unpaid minimum wage compensation, liquidated damages, interest, and penalties subject to proof at trial;

12. An award to the Camachos of damages in the amount of unpaid overtime compensation, liquidated damages, interest, and penalties subject to proof at trial;

13. An award of damages to the Camachos for Defendants' failure to provide accurate itemized wage statements, pursuant to Cal. Labor Code § 226(a);

14. An award of waiting time penalties due to the Camachos, pursuant to California Labor Code § 203;

15. An award to the Camachos of one (1) hour of additional pay at the regular rate of compensation for each workday that meal periods were not provided, pursuant to Cal. Labor Code § 226.7 and Wage Orders 5-2001(11), and interest thereon;

16. An award to Elerie Camacho of damages in the amount of unpaid unreimbursed business expenses, and interest thereon, subject to proof at trial;

17. Interest accrued to date under the Cal. Labor Code, including under §§ 226.7 and 2802;

18. An award to the Camachos for a pattern or practice of willful misclassification pursuant to Cal. Labor Code § 226.8(c);

19. An order that Defendants make restitution to the Camachos due to their unlawful business practices as described herein pursuant to California Business and Professions Code §§ 17200-17205 and California Labor Code § 1199;

20. An award to the Camachos of reasonable attorneys' fees and costs, pursuant to California Civil Procedure Code § 1021.5, California Labor Code §§ 226, 226.7, 1194 and/or other applicable law; and

21. Such other and further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable.

DEVIN COYLE LAW

Dated:   December 15, 2015    */s/ Devin Coyle*
                              Devin Coyle
                              Attorney for Jeaneth and Elerie Camacho